# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GREENBRIDGE CONSTRUCION, INC.** | * | |
| | * | |
| **v.** | * | **Civil Action No. CCB-20-2070** |
| | * | |
| **GLASGOW INVESTIGATIVE** | * | |
| **SOLUTIONS, INC.** | * | |
| | * | |

***** 

## MEMORANDUM

This is a breach of contract action between a contractor and subcontractor. The defendant, Glasgow Investigative Solutions, Inc. ("Glasgow"), the contractor, allegedly hired the plaintiff, Greenbridge Construction, Inc. ("Greenbridge"), the subcontractor, to perform work under a construction contract related to several government projects. Greenbridge alleges that Glasgow breached its contractual duties by failing to pay the full amount owed under the relevant contracts; that Glasgow wrongfully terminated Greenbridge; and that Glasgow violated the Federal Prompt Payment Act. Before the court is the defendant's motion for a more definite statement as to the breach of contract claim (ECF 7) and motion to dismiss as to the wrongful termination claim and Federal Prompt Payment Act claim (ECF 8). The matter has been fully briefed and no oral argument is necessary. *See* Local Rule 105(6) (D. Md. 2018). For the reasons discussed herein, the motion for a more definite statement will be denied and the motion to dismiss will be granted in part and denied in part.

## BACKGROUND

Greenbridge contracted with Glasgow to serve as a subcontractor on three construction projects: the Greenbelt Salt Shed Replacement, the Department of Labor Fall Protection, and the Department of Labor North Garage Repair. (ECF 3, Compl. ¶ 8). Greenbridge pleads that the

contractual agreement binding the parties was subject to the Federal Prompt Payment Act but allegedly did not contain an interest provision required under that act. (*Id.* ¶ 22–24).

Greenbridge contends that after it properly performed its work, Glasgow failed to render full payment within seven days of its receipt of payment from the owners of the projects, as required by the Federal Prompt Payment Act. (*Id.* ¶¶ 10–11, 25–26). Moreover, Glasgow allegedly never paid Greenbridge $322,967.07 for labor, materials, and equipment furnished in the course of the three projects. (*Id.* ¶¶ 11–12). Additionally, Greenbridge alleges that Glasgow terminated its performance on the Greenbelt Salt Shed Project and the North Garage Project without notice and without cause. (*Id.* ¶¶ 15–17). As a result of that termination, Greenbridge allegedly lost $34,797.47 in anticipated gross profits from work remaining to be performed. (*Id.* ¶¶ 19–20).

Greenbridge initially raised these grievances by filing suit on June 12, 2020, in the Circuit Court for Howard County, Maryland. (ECF 1, Notice of Removal). The three-count complaint raised claims for breach of contract, wrongful termination, and violations of the Federal Prompt Payment Act. Glasgow removed the case to this court on July 15, 2020, on the basis of diversity jurisdiction. (*Id.*). On July 22, 2020, Glasgow moved for a more definite statement as to the breach of contract claim (ECF 7) and moved to dismiss the remaining claims (ECF 8). The matter has been fully briefed and is now ripe for resolution.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). When a complaint does not comply with these requirements, the court may strike any portions that are redundant or immaterial. Fed. R. Civ. P. 12(f). Lengthy pleadings offering confusing factual narratives and conclusory statements of law

place an unjustified burden on the court and any party who must respond. *North Carolina v. McGuirt*, 114 F. App'x 555, 558–59 (4th Cir. 2004).[1] A court therefore may, in its discretion, dismiss a complaint if it is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also McGuirt*, 114 F. App'x at 559. Additionally, under Rule 12(e), a party may move for a more definite statement of a complaint which is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion is typically "designed to strike at unintelligibility rather than simple want of detail." *Gladney v. Am. Western Home Ins. Co.*, No. ELH-15-1559, 2015 WL 5009088, at *5 (D. Md. Aug. 20, 2015) (internal quotation omitted).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*,

---

[1] Unpublished opinions are cited for the soundness of their reasoning and not for their precedential value.

707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

## DISCUSSION

Greenbridge's complaint contains three counts: (1) breach of contract; (2) wrongful termination; and (3) violation of the Federal Prompt Payment Act. The court will address each in turn.

### I.        Breach of Contract

Glasgow has moved for a more definite statement of the breach of contract claim, arguing that Greenbridge has not identified which or how many contracts or subcontracts it has allegedly breached, which provisions were breached, or when the breaches occurred.

In support of its position, Glasgow cites *Olhausen Billiard Manufacturing v. Averitt Express, Inc.*, which held that a complaint raising a breach of contract claim was so vague and ambiguous as to merit a more definite statement. No. GJH-14-03085, 2014 U.S. Dist. LEXIS 147274, at *2 (D. Md. Oct. 16, 2014). In that case, the parties had a contract to perform shipping and delivery services and the complaint stated only that "during performance of said services the Defendant recklessly and carelessly destroyed the property" and "failed to compensate Plaintiff." *Id.* Without holding that a breach of contract claim must contain the following information, the court noted that these allegations failed to specify when the alleged transport occurred, where it originated and terminated, the nature or value of the goods shipped, the nature or extent of the damage, and any terms of the contract allegedly breached. *Id.* Glasgow also cites *RE/MAX, LLC v. Underwood*, a trademark infringement case wherein the court ordered a more definite statement as to which of the plaintiff's trademarks the defendant allegedly infringed. No. WDQ-10-2367, 2011 WL 2118911, at *4 (D. Md. May 24, 2011).

The court finds these cases distinguishable from the present case. In *Olhausen*, the plaintiff failed to identify which shipment occurring under a contract for shipping services was allegedly deficient, whereas in this case Greenbridge has identified the three projects under which it was allegedly not paid for rendering its services. And in *Underwood*, the plaintiff failed to identify which of its trademarks RE/MAX had allegedly infringed, leaving RE/MAX unable to frame a response, whereas here Greenbridge's allegations arise out of a contract or contracts to which Glasgow is allegedly a party. Glasgow should have no difficulty identifying the relevant contract or contracts and framing a response.

Greenbridge's complaint lacks abundant detail but it is nevertheless sufficiently intelligible to permit a response. *See State v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 480 (D. Md. 2019); *see also Gladney*, 2015 WL 5009088, at *5 (Rule 12(e) motion is designed to strike at unintelligibility rather than simple want of detail); *Frederick v. Koziol*, 727 F. Supp. 1019, 1020 (E.D. Va. 1990) (Rule 12(e) motion is "not a substitute for the discovery process"). The court will accordingly deny Glasgow's motion for a more definite statement.

## II.     Wrongful Termination

Next, Glasgow seeks dismissal of Greenbridge's wrongful termination claim, arguing that in the absence of an employer-employee relationship such a claim is properly pled as a breach of contract action. In its opposition, Greenbridge disavows any intent to plead a wrongful termination tort and emphasizes that its wrongful termination count should be construed as a breach of contract claim. In its reply, Glasgow counters that even if the count is properly construed in that way, Greenbridge has failed to state a claim for relief because it has not alleged the existence of any contractual obligation which would make termination without cause a material breach.

To state a claim for breach of contract under Maryland law, a plaintiff must plead the existence of a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by the defendant. *RRC Northeast, LLC v. BAA Md., Inc.*, 413 Md. 638, 655 (2010). In this case, Greenbridge alleges that it contracted with Glasgow to serve as a subcontractor and furnish labor, materials, and equipment in service of three construction projects. (ECF 3, Compl. ¶ 8). This allegation appears in the breach of contract count and not the wrongful termination count, but the wrongful termination count incorporates the breach of contract allegations. (*See id.* ¶ 14). Additionally, Greenbridge alleges within the wrongful termination count that its termination "constituted a material breach by Glasgow of its contracts[.]" (*Id.* ¶ 18). Thus, Greenbridge has pled the existence and breach of a contractual obligation. It is true, as Glasgow notes in its reply, that Greenbridge does not cite a particular provision of a contract that would require either notice or cause to proceed with termination, but construed in the light most favorable to Greenbridge the allegations raise a plausible inference that the contract in fact imposed such a requirement. (*See id.* ¶ 18 ("Glasgow's unjustified and improper termination of Greenbridge from [the two projects] was wrongful and constituted a material breach[.]"); *see also id.* ¶ 17 ("Glasgow took such action . . . without providing any notice to Greenbridge or affording Greenbridge any opportunity to address any performance concerns[.]")). Accordingly, the court will not dismiss the breach of contract claim based on wrongful termination.

### III.   Federal Prompt Payment Act

Finally, Glasgow attacks the claim arising under the Federal Prompt Payment Act as invalid on the grounds that the act did not create a private right of action. In its opposition, Greenbridge argues that its reference to the act was merely another mechanism to demonstrate a breach of contract.

The Federal Prompt Payment Act prescribes the requirements for contracts awarded by federal agencies and outlines certain benefits provided to subcontractors working on government projects. *See* 31 U.S.C. § 3905. Notably, however, courts have consistently held that the act does not confer a private right of action upon subcontractors. *See United States v. Hartford Accident & Indemnity Co.*, 168 F. Supp. 3d 824, 836 n.19 (D. Md. 2016); *see also United States v. Tyler Construction Grp., Inc.*, No. 5:14-CV-778-JG, 2016 WL 5716354, at *5 (E.D.NC. Sept. 30, 2016) (collecting cases). In this case, the court is unable to discern any basis in the complaint to conclude that count three is an attempt to state a breach of contract claim. The count makes frequent references to Glasgow "violating the Act" and, unlike in its wrongful termination count, it does not refer to any breach, material or otherwise. (ECF 3, Compl. ¶ 24). The count is therefore properly construed as one arising under the act. But because the act confers no private right of action on subcontractors like Greenbridge, the court will dismiss the Federal Prompt Payment Act claim.

## CONCLUSION

For the reasons described herein, the court will deny the motion for a more definite statement (ECF 7) and will grant in part and deny in part the motion to dismiss (ECF 8). Greenbridge's breach of contract claims in count one and count two may proceed and Glasgow will be directed to file an answer to those claims. Greenbridge's Federal Prompt Payment Act claim will be dismissed for failure to state a claim upon which relief may be granted. A separate order follows.

3/18/2021
_____
Date

_____
/s/
Catherine C. Blake
United States District Judge

7